```
IN THE UNITED STATES DISTRICT COURT
   FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CARLOS SMITH, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 16-6453(JBS-AMD) |
| CAMDEN COUNTY CORRECTIONAL FACILITY, DAVID OWENS, CAMDEN COUNTY BOARD OF FREEHOLDERS, MAYOR DANA REDD and WARDEN JAMES TAYLOR, | OPINION |
| Defendants. | |

APPEARANCES:

Carlos Smith, Plaintiff Pro Se
532 Freson Drive
Magnolia, NJ 08049

**SIMANDLE, Chief District Judge:**

## I. INTRODUCTION

Plaintiff Carlos Smith sought to bring a civil rights Complaint pursuant to 42 U.S.C. § 1983 against Camden County Jail ("CCJ") for allegedly unconstitutional conditions of confinement. Complaint dated October 4, 2016, Docket Entry 1. Thereafter, Plaintiff filed an Amended Complaint dated November 29, 2016 (Docket Entry 3), seeking to bring civil rights claims pursuant to 42 U.S.C. § 1983 against Camden County Correctional Facility ("CCCF"), David Owens, Camden County Board of

Freeholders, Mayor Dana Redd and Warden James Taylor for allegedly unconstitutional conditions of confinement.

At this time, the Court must review Plaintiff's complaint filings, pursuant to 28 U.S.C. § 1915(e)(2), to determine whether they should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because they seek monetary relief from a defendant who is immune from such relief. For the reasons set forth below: (1) it is clear from the Complaint that the claims therein arose more than two years before it was filed; and (2) it is clear from the proposed Amended Complaint that the claims therein arose more than two years before it was filed. The claims in both the Complaint and the Amended Complaint are therefore barred by the two-year statute of limitations that governs claims of unconstitutional conduct under 42 U.S.C. § 1983. The Court will therefore dismiss the Complaint and the Amended Complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

**II. BACKGROUND**

The Complaint alleges that Plaintiff "was detain[ed] in [CCJ] [in] Aug. 2008[.] [T]here were 4 in my cell. We couldn't move around." Complaint §§ III(B)-(C). Plaintiff claims to have suffered back pain in connection with these events. *Id*. § IV.

Plaintiff sought $1,700 in relief "for my pain and suffer[ing]." *Id*. § V.

The Amended Complaint alleges that Plaintiff "was placed in a cell with 3 other people and placed on the floor [in] 1998, 2001, 2003, 2005 [and] 2008." Amended Complaint §§ III(B)-(C). Plaintiff does not identify or otherwise describe any injuries. *Id*. § IV (blank). Plaintiff "want[s] to be compensated for mental anguish, mental stress and for violating my civil rights. I would like the amount of $1.3 million." *Id*. § V.

**III. STANDARD OF REVIEW**

Section 1915(e)(2) requires a court to review complaints prior to service of the summons and complaint in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

The Complaint alleges that Plaintiff experienced unconstitutional conditions of confinement while incarcerated in "Aug. 2008." Complaint § III(B) (Docket Entry 1). The Amended Complaint alleges that Plaintiff experienced unconstitutional conditions of confinement while incarcerated in "1998, 2001, 2003, 2005 [and] 2008." Amended Complaint § III(B) (Docket Entry 3).

Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez*

*v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

The allegedly unconstitutional conditions of confinement, namely the purported overcrowding and sleeping conditions in cells, would have been immediately apparent to Plaintiff at the time of detention; therefore, the statute of limitations for Plaintiff's claims in both the Complaint and the Amended Complaint expired in 2010 at the latest, well before they were filed in 2016. Plaintiff has filed this lawsuit too late. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of Plaintiff's cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing the claim, and there is nothing to indicate Plaintiff filed the claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

As it is clear from the face of both the Complaint and the Amended Complaint that more than two years have passed since Plaintiff's claims accrued, both the Complaint and the Amended Complaint are dismissed with prejudice, meaning Plaintiff may not file another amended complaint concerning the events of "2008" (Complaint § III(B)) or the events of "1998, 2001, 2003,

2005 [and] 2008." Amended Complaint § III(B). *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

**V. CONCLUSION**

For the reasons stated above, the Complaint and Amended Complaint are dismissed with prejudice for failure to state a claim. An appropriate order follows.

**April 13, 2017**                  **s/ Jerome B. Simandle**
Date                                     JEROME B. SIMANDLE
                                               Chief U.S. District Judge